UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY SERVICES, INC.,
a Delaware Corporation,

       Plaintiff,

v.

Case No. 14-10836
Hon. Lawrence P. Zatkoff

GLENN A. CALDER, an
Individual,

       Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 3, 2014.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [dkt 2]. Defendant filed a response to Plaintiff's Motion for Temporary Restraining Order [dkt 3] and Plaintiff filed a reply [dkt 4]. The Court finds that the facts and legal arguments are adequately presented in the parties' briefs such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without oral argument. For the following reasons, Plaintiff's request for Temporary Restraining Order is GRANTED.

## II. BACKGROUND

Plaintiff Kelly Services, Inc. ("Plaintiff") is a staffing services company that specializes in providing a wide range of employment staffing and consulting services. Plaintiff is a Delaware corporation with its principal place of business in Michigan. Plaintiff employed Defendant Glenn A. Calder ("Defendant") as a Senior Engineering Recruiter at a branch in Burlington, Massachusetts. Upon commencing his employment with Plaintiff, Defendant executed several Employment Agreements, which prohibited him—for a period of one year after leaving Defendant's employment—from:

1)  Competing with Plaintiff in the same market;

2)  Using Plaintiff's confidential information; and

3)  Soliciting Plaintiff's customers, potential customers and employees.

Defendant was employed with Plaintiff from March 14, 2011, through his voluntary resignation on August 22, 2013. During his time with Plaintiff, Defendant was responsible for developing and expanding customer relationships, developing new accounts, and developing account management relationships. Plaintiff asserts the market area in which Defendant worked or had responsibilities included Suffolk, Middlesex, Worcester, Norfolk and Essex Counties within the state of Massachusetts. Defendant alleges his responsibilities only covered activity in Middlesex and Worcester counties.

Upon his voluntary resignation, Plaintiff asserts that Defendant informed Plaintiff he would be working in sales, a job that would not conflict with the recruiting position Defendant held with Plaintiff. Plaintiff alleges, however, that Defendant is instead working as a recruiter for Michael Page—a direct competitor of Plaintiff—placing candidates in engineering lines just as Defendant did for Plaintiff. Further, Defendant continues to work in the Greater Boston Area,

the same market area that Defendant once had responsibility for while employed with Plaintiff. Finally, Plaintiff asserts Defendant recently solicited one of Plaintiff's customers in the Boston market to source positions for them.

Plaintiff asserts all of Defendant's actions are in direct conflict with the Employment Agreements Defendant signed. Further, Plaintiff alleges it stands to lose—as a direct result of Defendant's actions—employees, clients and customers, confidential, proprietary and trade secret information, the goodwill and referral business of its clients and customers, and revenues in an amount that cannot be readily ascertained. Plaintiff asserts is will suffer irreparable harm without the issuing of a temporary restraining order ("TRO") by this Court.

Plaintiff originally filed its complaint and request for temporary restraining order in Oakland County Circuit Court on February 7, 2014. Defendant removed the matter to this Court on February 24, 2014.

### III. LEGAL STANDARD

The factors to be weighed before issuing a TRO are the same as those considered for issuing a preliminary injunction. *See, e.g., Workman v. Bredesen*, 486 F.3d 896, 904–05 (6th Cir. 2007). In determining whether or not to grant a preliminary injunction, a district court considers four factors: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). *See also Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 (6th Cir. 2007).

A reviewing court generally will balance these factors, and no single factor will necessarily be determinative of whether or not to grant the injunction. *Connection Distributing*

*Co.*, 154 F.3d at 288. Courts, however, may grant a preliminary injunction even where the plaintiff fails to show a strong or substantial probability of success on the merits, but where he at least shows serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant if the injunction is issued. *Jones v. Caruso*, 569 F.3d 258, 277 (6th Cir. 2009) (quoting *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. 1982)) (emphasis added).

## IV. ANALYSIS

Defendant does not object to the entering of a TRO by this Court. Indeed, Defendant does not dispute the existence of the Employment Agreements he signed while employed with Plaintiff, or the validity of the terms contained within those agreements. Instead, Defendant provides a proposed TRO that allows him to continue working in his current position, so long as he:

1) Does not solicit candidates located within Middlesex and/or Worcester counties;

2) Does not contact any actual or potential candidate or client with whom he had exposure within his last 12 months with Plaintiff;

3) Does not recruit any of Plaintiff's employees; and

4) Does not use or disclose any of Plaintiff's confidential, proprietary, or trade secret information.

Defendant asserts these restrictions "balance the potential hardships" faced by both parties. In his five page response to Plaintiff's motion, Defendant does not address the merit of Plaintiff's claims, whether Plaintiff would suffer irreparable harm without the issuing of a TRO, or the impact issuing a TRO would have on the public interest.

Considering the evidence provided by Plaintiff—combined with Defendant's failure to provide any evidence or arguments to the contrary—the Court finds that Plaintiff's claim has a high likelihood of success on the merits and that Plaintiff would suffer irreparable harm without the issuing of a TRO.

Further, the Court finds Defendant's attempts to "balance" the hardships of each party disingenuous: Defendant's alleged compromise completely ignores the time constraints contained within the Employment Agreements signed by both parties.  Likewise, Defendant fails to provide any evidence that Plaintiff's geographic restrictions are excessive, while Plaintiff provides evidence that Defendant did indeed solicit or perform business within all five counties contained in the Employment Agreements signed by both parties.

## V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's request for a Temporary Restraining Order is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall submit to the Court a form of Temporary Restraining Order consistent with this Opinion.

IT IS SO ORDERED.

Date:  March 3, 2014                                          s/Lawrence P. Zatkoff
                                                              HON. LAWRENCE P. ZATKOFF
                                                              U.S. DISTRICT COURT